DLD-053                                                    **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 23-2837
_____

KAREEM BLOUNT,
                              Appellant

v.

P.A. LESLIE, (First name Unknown); KIM SMITH, (RN, CHCA)
_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Civil Action No. 1:21-cv-00291)
Magistrate Judge:  Honorable Richard A. Lanzillo

_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B) or
Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
January 11, 2024

Before:  JORDAN, PORTER, and PHIPPS, <u>Circuit Judges</u>

(Opinion filed: January 19, 2024)
_____

OPINION[*]
_____

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

PER CURIAM

Kareem Blount, a Pennsylvania state prisoner proceeding pro se, appeals a District Court order granting summary judgment in favor of Andrew Leslie, a certified nurse practitioner. For the reasons that follow, we will summarily affirm.

In 2021, Blount filed a complaint against Leslie and Kim Smith, a registered nurse, claiming a violation of his Eighth Amendment rights based on deliberate indifference to his serious medical needs. Blount's complaint, which he later amended, stemmed from a decision to discontinue his asthma inhalers and other asthma treatment. He averred that, because he did not have his medication, he suffered an asthma attack when correctional officers used oleoresin capsicum spray (pepper spray) in another cell.

The District Court granted Smith's motion to dismiss Blount's amended complaint because Smith, who had denied Blount's grievance, lacked personal involvement in the alleged unlawful conduct.[1] Following discovery, the District Court granted Leslie's motion for summary judgment. The District Court ruled that Leslie's decision to discontinue Blount's medication was based on his professional judgment and did not violate the Constitution. This appeal followed.

---

[1] A Magistrate Judge adjudicated the case pursuant to 28 U.S.C. § 636(c)(1) upon the consent of the parties.

We have jurisdiction pursuant to 28 U.S.C. § 1291. We exercise plenary review over the District Court's grant of summary judgment. Giles v. Kearney, 571 F.3d 318, 322 (3d Cir. 2009). The same standard applies to the extent Blount appeals the grant of Smith's motion to dismiss. Drummond v. Robinson Twp., 9 F.4th 217, 225 n.4 (3d Cir. 2021).

As set forth in further detail in the District Court's decision, Blount's medical records reflect that he was prescribed asthma medications, including inhalers and a bronchodilator, while housed at SCI-Benner Township. In April 2019, Blount met with a physician's assistant in the asthma chronic care clinic. The provider noted that Blount's asthma control was good and that he used less than one inhaler canister per month. Blount's medications were renewed. In June 2019, Blount refused to eat for over a week. He refused offers of breathing treatments during this period. Blount met with a nurse and a physician's assistant in July 2019 with complaints of shortness of breath and/or chest pain. The physician's assistant noted that Blount had asthma and reported that a change in therapy was not needed.

On October 9, 2019, Blount was transferred to SCI-Forest. His transfer records noted that he had moderate persistent asthma. It appears that Leslie discontinued Blount's asthma medications and removed him from the asthma chronic clinic when he

3

arrived.[2]  On October 17, 2019, Blount saw Leslie at sick call and told him that he needed

his inhalers.  Leslie's notes state that Blount did not need inhalers and that Blount should

return to sick call as needed.  He told Blount that the inhalers had been discontinued

because Blount had not picked them up since June.  See DCT ECF No. 54-2 at 158; DCT

ECF No. 60 at 2.

Blount told Leslie that his medications were brought to his cell because he was in

the restricted housing unit, and that his breathing treatments and emergency inhaler were

only used as needed.  He states that Leslie determined that the medications were not

needed without examining him, and that later that day, he had an asthma attack.  Blount

was exposed to pepper spray and, as a result, suffered labored breathing, chest

constriction, coughing, and dizziness.  Blount states that an inhaler would have relieved

these ailments.  See DCT ECF No. 60 at 2-3.[3]

On November 5, 2019, Blount saw a nurse and a certified nurse practitioner for

complaints of shortness of breath.  He wanted his inhalers reinstated.  The nurse

practitioner assessed Blount and concluded that he did not need them.  Blount saw Leslie

again on December 4, 2019.  Leslie reported that Blount was yelling that he was having

---

[2] Smith's response to Blount's grievance states that Leslie discontinued the medications and removed him from the clinic.  Blount's medical records reflect that his medications were discontinued on October 9, 2019.  See DCT ECF No. 54-2 at 482-513.
[3] Blount also states that he pushed the emergency call button in his cell and cried out for help, but he did not receive medical attention.  Id.

4

asthma attacks and needed his inhalers. Leslie told Blount that he did not need them. Leslie's progress notes state that there was no indication for inhalers, that Blount had not used an inhaler since June, and that Blount had not been seen urgently for breathing difficulties. Blount's medical records do not reflect that he sought treatment for asthma again at SCI-Forest. In November 2020, he was transferred to SCI-Mahanoy, where he was prescribed asthma medication.

To establish a violation of the Eighth Amendment, Blount was required to show that Leslie was deliberately indifferent to his serious medical needs. Pearson v. Prison Health Serv., 850 F.3d 526, 534 (3d Cir. 2017). The deliberate indifference standard is met where a provider has recklessly disregarded a substantial risk of serious harm. Giles, 571 F.3d at 330. Deliberate indifference can be shown by knowledge of the need for care and an intentional refusal to provide it. Rouse v. Plantier, 182 F.3d 192, 197 (3d Cir. 1993). Negligence is insufficient. Id.

The District Court found that medical staff at SCI-Forest, including Leslie, had examined Blount for asthma-related complaints and that, based on these examinations, Leslie determined that Blount's asthma medications were no longer needed. Blount asserts on appeal that Leslie discontinued his asthma medication based only upon a review of his chart, and as a result, he lacked access to medication he needed when he had an asthma attack on October 17, 2023.

5

The record reflects that a nurse took Blount's vital signs when he arrived at SCI-Forest on October 9, 2019, and that medical staff monitored him on October 9 and 10 while he was confined in a dry cell.[4]  Medical staff did not examine Blount for asthma-related complaints until after he had the asthma attack on October 17.  Leslie saw Blount earlier that day, and his records do not show that he examined Blount or that Blount had asthma symptoms.  While Blount told Leslie that he needed his inhalers, the record does not support the conclusion that Leslie was aware of a need for treatment and intentionally refused it.  Leslie apparently believed that Blount no longer needed medication because he had not been using it.  Blount disagrees that Leslie had reason to discontinue his medication and contends that Leslie should have known that he could be in danger without an inhaler.  However, even if Leslie erred in assessing Blount's records or condition, there was no constitutional violation.[5]

---

[4] Blount was confined in a cell without running water because it was believed he might have ingested drugs.

[5] To the extent Blount appeals the dismissal of his claims against Smith, the District Court did not err in ruling that he did not state a claim for relief based on Smith's denial of his grievance.  See Dooley v. Wetzel, 957 F.3d 366, 374 (3d Cir. 2020) (holding defendants who denied prisoner's grievance lacked requisite personal involvement in alleged misconduct).

Accordingly, because this appeal does not raise a substantial question, we will summarily affirm the District Court's judgment.  <u>See</u> 3d Cir. L.A.R. 27.4; 3d Cir. I.O.P. 10.6.